UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JACK JORDAN,

        Plaintiff,

    v.

U.S. DEPARTMENT OF LABOR

        Defendant.

NO. CV-07-5011-EFS

**ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION TO DISMISS, GRANTING DEFENDANT'S MOTION TO STRIKE, STRIKING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND MOTION TO AMEND COMPLAINT**

On September 14, 2007, the Court held a hearing in the above-captioned matter. Tom H. Foulds appeared on behalf of Plaintiff Jack Jordan. Rolf H. Tangvald appeared on behalf of Defendant U.S. Department of Labor. Before the Court was Defendant's Motion to Dismiss (Ct. Rec. 3) and Motion to Strike Plaintiff's Motion for Summary Judgment (Ct. Rec. 16). Also before the Court was Plaintiff's Motion for Summary Judgment (Ct. Rec. 6), Request for Attorney's Fees (Ct. Rec. 6), and Motion for Leave to File Amended Complaint (Ct Rec. 22). After reviewing the submitted material and hearing oral argument, the Court was fully informed. The Court grants in part and denies in part Defendant's motion to dismiss and grants Defendant's motion to strike. The Court strikes Plaintiff's Motion for Summary Judgment. The Court also denies

ORDER * 1

Plaintiff's request for attorney's fees and Plaintiff's motion for leave to file amended complaint. The reasons for the Court's order are set forth below.

### I. Background

**1. EEOICPA Statutory Background**

In 2000, Congress passed the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA"), 42 U.S.C. § 7384, *et seq*. The EEOICPA provides benefits to individuals with illnesses caused by exposure to radiation and other toxic substances in the course of their work related to the nuclear weapon production and testing programs of the United States Department of Energy ("DOE") or its predecessor agencies. 42 U.S.C. § 7384. EEOICPA Part B allows covered employees or their eligible survivors to receive a $150,000 lump-sum payment and medical benefits for certain illnesses from radiation, beryllium, or silica exposure while working at DOE facilities. 20 C.F.R. § 30.0. EEOICPA Part E allows covered employees or their eligible survivors to receive lump-sum payments and medical benefits based on a worker's permanent impairment and/or calendar years of qualifying wage-loss. *Id.*

The Department of Labor ("DOL") is primarily responsible for administering EEOICPA Part B and E claims. Any person seeking benefits must file a claim with the DOL's Office of Workers' Compensation Programs ("OWCP"). 20 C.F.R. §§ 30.100 & 30.101. If a person claims to be a deceased employee's survivor, sufficient evidence of the claimed relationship must be furnished. EEOICPA regulations define "child" as a "recognized natural child, a stepchild who lived with an individual in

a regular parent-child relationship, and an adopted child. . . ." 42 U.S.C. § 7384s(e)(3)(B).

After reviewing a claim, the OWCP issues a recommended decision. 20 C.F.R. § 305. The claimant then has 60 days to file objections with the Final Adjudication Branch ("FAB"). 20 C.F.R. § 310. The FAB will consider a claimant's objections and hold a hearing, if requested, before issuing the final agency decision. 20 C.F.R. §§ 30.314 & 30.316. An OWCP recommended decision automatically becomes the final agency decision one year after the agency receives the claimant's objections. 20 C.F.R. § 30.316(c). This provision safeguards against unnecessary agency delay.

**2. <u>Plaintiff's EEOICPA Part B and E Claims</u>**

On October 15, 2002, Plaintiff filed an EEOICPA Part B claim seeking benefits for his late uncle's death from lung cancer. Plaintiff's uncle was a former worker at the Hanford Nuclear Site and qualified for EEOICPA benefits. Plaintiff claimed he was an eligible surviving child because he had a parent-child relationship with his uncle.

On December 17, 2002, the Division of Energy Employees Occupational Illness Compensation ("DEEOIC") recommended denying Plaintiff's Part B claim for failure to establish that he is an eligible surviving child. A month later, the FAB vacated the recommended decision, remanding the claim for further development.

On April 12, 2003, Plaintiff sent additional information to the DOL, including why he considered his uncle a father. On September 23, 2003, the Chief of the Branch of Policies, Regulations and Procedures (a division of the DOL) concluded Plaintiff, in the absence of additional information, does not qualify as an eligible surviving child. On October

ORDER * 3

3 and 21, 2003, the DEEOIC sought additional information about Plaintiff's relationship with his uncle. Plaintiff did not respond.

On June 9, 2005, Plaintiff's representative informed the DEEOIC that his client wished to file a Part E claim. The DEEOIC received Plaintiff's Part E claim the following week. On October 27, 2005, the DEEOIC requested additional documentation to show proof of adoption.

The following week on November 3, 2005, Plaintiff's representative sent a letter to the DEEOIC arguing that Plaintiff qualifies as an eligible surviving child based upon a Washington Supreme Court case released that day discussing *de facto* parentage. On November 16, 2005, the DEEOIC recommended denying Plaintiff's Part B and Part E claims. This recommendation did not fully address Plaintiff's legal arguments.

On January 12, 2006, Plaintiff objected to the recommendation and requested an oral hearing, which took place on March 30, 2006. At the hearing, Plaintiff's representative raised the *de facto* parent legal argument.

On July 15, 2006, the FAB forwarded Plaintiff's claim to the DEEOIC's Branch of Polices, Regulations and Procedures ("BPRP") requesting guidance on Plaintiff's legal arguments. On December 12, 2006, the BPRP requested a legal opinion from the Office of the Solicitor of Labor ("SOL"). On February 26, 2007, the SOL issued a legal memorandum briefing Plaintiff's arguments. The following week, the BPRP sent the legal memo to the FAB, satisfying the FAB's earlier request for legal guidance.

Meanwhile, the DEEOIC's recommended decision automatically became the final agency decision on January 17, 2007. Plaintiff sought judicial

ORDER * 4

review with this Court on March 9, 2007.  And on April 30, 2007, the Director vacated the DOL's final agency decision, remanding the case to fully consider Plaintiff's legal arguments.

## II. DISCUSSION

### A. Motion to Dismiss

Defendant argues the Court lacks subject matter jurisdiction because: (1) there is no "final agency action" on Plaintiff's EEOICPA Part B claim under 5 U.S.C. § 704 of the Administrative Procedure Act (APA); and (2) there is no "final decision of the Secretary" on Plaintiff's EEOICPA Part E claim under 42 U.S.C. § 7385s-6(a). (Ct. Rec. 4 at 5.)  Defendant alternatively asks to hold this matter in abeyance pending the new final decision on Plaintiff's entitlement to EEOICPA benefits.  (Ct. Rec. 4 at 5.)  Plaintiff responds that Defendant cannot properly take away the Court's subject matter jurisdiction by vacating the final decision and remanding Plaintiff's case for further development and issuance of a new decision.  (Ct. Rec. 6 at 2.)

To obtain judicial review under the APA, plaintiff must challenge a final agency action.  5 U.S.C. § 704;[1] *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990).  In *Bennett v. Spear*, the Supreme Court held that agency action is considered "final" when two sets of conditions are satisfied.  520 U.S. 154, 177-78.  "First, the action must mark the 'consummation' of the agency's decision making process - it must not be of a merely tentative or interlocutory nature." *Id*. (citations omitted).

---

[1] "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.

ORDER * 5

Secondly, "the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Id*. at 178 (citations omitted).  As the Supreme Court has stated, "the core question is whether the agency has completed its decision making process, and whether the result of that process is one that will directly affect the parties." *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992).  And because 42 U.S.C. § 7385s-6(a)[2] contains similar language requiring "final decision of the Secretary" before a court may review a claim, similar finality requirements are necessary.

Here, Defendant correctly argues there is no final agency action on Plaintiff's EEOICPA Part B and E claims.  It is true that on January 17, 2007, the OWCP recommended decision became a final agency decision under 30 C.F.R. § 30.316(c)[3] due to a year of case inactivity.  Accordingly,

---

[2] "Judicial review.  A person adversely affected or aggrieved by a final decision of the Secretary under this subtitle [42 U.S.C. § 7385s *et seq.*] may review that order in the United States district court in the district in  which. . . the survivor lives. . . ." 42 U.S.C. § 7385s-6(a).

[3] "Any recommended decision (or part thereof) that is pending after either a hearing or a review of the written record for more than one year from the date the FAB received the written statement described in § 30.310(a), or the date the Director reopened the claim for issuance of a new final decision pursuant to § 30.320(a), shall be considered a final decision of the FAB on the one-year anniversary of such date.  Any recommended decision described in  § 30.311 that is pending at the FAB

ORDER * 6

Plaintiff's March 9, 2007, appeal to this Court for judicial review was appropriate.

But on April 30, 2007, the Director vacated the FAB's final decision, finding it did not adequately address Plaintiff's legal arguments. Under 20 C.F.R. § 30.320(a)[4], the Director is entitled to take such action and any decision is "solely within the discretion of the Director for Energy Employees Occupational Illness Compensation and is not reviewable." 20 C.F.R. § 30.320(c).

Unreasonable delay in Plaintiff's EEOICPA claim determination is a factor for the Court to consider. But Plaintiff's counsel did not raise the argument that Plaintiff qualifies as a *de facto* child until November 3, 2005, less than two weeks before the OWCP issued its November 16 recommendation denying Plaintiff's claim. This short notice formed the basis for the Director's determination that Plaintiff's claims were not sufficiently adjudicated. Because there is no final agency decision and the DOL should be allowed to fully investigate Plaintiff's claims to determine their merit, immediate judicial review is not appropriate.

---

for more than one year from the date that the period of time described in § 30.310 expired shall be considered a final agency decision of the FAB on the one-year anniversary of such date." 20 C.F.R. § 30.316(c).

[4] At any time after the FAB issued a final decision pursuant to § 30.316, and without regard to whether new evidence or information is presented or obtained, the Director for Energy Employees Occupational Illness Compensation may reopen a claim and return it to the FAB for issuance of a new final decision, or to the district office for such further development as may be necessary, to be followed by a new recommended decision. The Director may also vacate any other type of decision issued by the FAB. 20 C.F.R. § 320(a).

ORDER \* 7

Accordingly, Defendant's alternative request to stay Plaintiff's claim is GRANTED.

**B. Motion to Strike and Motion for Summary Judgment**

Defendant asserts the Court should strike Plaintiff's Motion for Summary Judgment because it is premature and violates the Local Rules. (Ct. Rec. 17 at 2.) Plaintiff responds that his technical failure to cite the record is because there is no record in the Court file. (Ct. Rec. 19 at 6.)

Local Rule 56.1(a) states:

> Any party filing a motion for summary judgment shall set forth separately from the memorandum of law, and in full, the specific facts relied upon in support of the motion. The specific facts shall be set forth in a serial fashion and not in narrative form. As to each fact, the statement shall refer to the specific portion of the record where the fact is found (i.e., affidavit, deposition, etc.). The specific portions of the record relied upon shall be attached to the statement of material facts.

LR. 56.1(a). Here, Plaintiff's motion for summary judgment is included in his response to Defendant's motion to dismiss. This is improper. The Local Rules require a separate memorandum detailing the facts supporting the motion, including appropriate references to the record. Accordingly, Defendant's motion to strike is GRANTED and Plaintiff's motion for summary judgment is stricken.

**C. Request for Attorney's Fees**

Plaintiff seeks attorney's fees on two grounds: (1) Defendant's motion to dismiss "was without any reasonable basis and grounded upon misrepresentation"; and (2) "the Solicitor's inexcusable dereliction in failing to address the issues for over four years. . . ." (Ct. Rec. 6

ORDER * 8

at 8.)  Defendant responds that Plaintiff's arguments are grounded neither in fact nor in law.  (Ct. Rec. 15 at 7.)

Under the Equal Access to Justice Act ("EAJA"), the Court may award plaintiff attorney's fees and costs if (1) the plaintiff is the prevailing party, (2) the Government has not met its burden to show that its positions during the case were substantially justified or that special circumstances make an award unjust, and (3) the requested attorney's fees and costs are reasonable.  28 U.S.C. § 2412(d)(1)(A); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).  A "prevailing party" is one who has been awarded some relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980).  When a case is remanded to an agency for further administrative proceedings, "the claimant will not normally attain 'prevailing party' status within the meaning of § 2412(d)(1)(A) until after the result of the administrative proceedings is known." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989).

Here, it is premature to award attorney's fees until the DOL issues a final agency decision either granting or denying Plaintiff's EEOICPA claims.  Accordingly, Plaintiff's request for attorney's fees is DENIED.

**D. Motion for Leave to File Amended Complaint**

Plaintiff seeks to amend his original Complaint by adding exhibits to support the original Complaint's allegations.  (Ct. Rec. 22 at 2.) Defendant opposes the additional exhibits because a district court's review is limited to the administrative record.  (Ct. Rec. 25 at 2.)

It is unnecessary to decide Plaintiff's Motion for Leave to File Amended Complaint until the DOL issues a final agency decision.

Accordingly, Plaintiff's motion is DENIED with leave to renew as soon as either the stay is lifted or the Department of Labor issues its decision.

### III. Conclusion

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss **(Ct. Rec. 3)** is **GRANTED IN PART AND DENIED IN PART.** Plaintiff's claim is **STAYED** for 90 days. The parties are instructed to notify the Court about Plaintiff's claim status in 90 days.

2. Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**

3. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 6)** is **STRICKEN.**

4. Plaintiff's Request for Attorney's Fees **(Ct. Rec. 6)** is **DENIED.**

5. Plaintiff's Motion for Leave to File Amended Complaint **(Ct. Rec. 22)** is **DENIED** with leave to renew as soon as either the stay is lifted or the Department of Labor issues its decision.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this ___17th___ day of September 2007.


                        S/ Edward F. Shea
                        EDWARD F. SHEA
                  United States District Judge

Q:\Civil\2007\5011.Dismiss.Etc.wpd

ORDER * 10